UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TANMSON ZIDOR,

Petitioner(s),

v.

MARKWAYNE MULLIN et al.,

Respondent(s).

CASE NO. 2:26−cv−04243−TL

SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED

## I. ORDER

Petitioner(s) have filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that Petitioner(s) are in custody in violation of the Constitution or laws of the United States. The Court has discretion to determine when a response to a § 2241 habeas petition is due. *See*, *e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474−75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ or should not be granted." 28 U.S.C. § 2243. The Court directs Respondents to show cause why the writ of habeas corpus should not be granted and ORDERS:

//

//

1. Respondents shall file a return to the habeas petition no later than November 17, 2026. The return shall be noted on the Court's motion docket for the due date of the Petitioner's traverse − 5 days after the due date of the respondent's return. Any arguments that the petition should be dismissed shall be made in the return and not by separate motion. The return shall be filed using the "Response to Habeas Petition" CM/ECF filing event.
2. Any traverse by Petitioner(s) shall be filed no later than November 23, 2026. A traverse filed through CM/ECF shall be filed using the "Reply to Response to Motion" filing event.
3. Respondents shall provide Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States. Respondents shall also (1) file the notice of intent to transfer or remove on the Court's docket; and (2) file a notice on the docket if the transfer or removal is completed.
4. The Clerk is directed to effectuate immediate service, if service has not already been accomplished, of the habeas petition filed in this case upon Respondents by emailing a copy of the habeas petition and this order to USAWAW.ImmigrationHabeasService@usdoj.gov.
5. Petitioner(s)' counsel shall provide Petitioner(s)' A−file number promptly to the U.S. Attorney's Office via email to USAWAW.ImmigrationHabeasAnumbers@usdoj.gov.
6. If either party seeks an expedited or enlarged briefing schedule, counsel for that party shall contact the opposing counsel promptly to meet and confer.

The parties shall then file a joint expedited motion, noted for the same day it is filed, that contains either an agreed briefing schedule or the parties' competing proposals for a briefing schedule.

Dated this 3rd day of November 2026.

Tana Lin
United States District Judge